# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WRIGHT,<br>　　　Petitioner, | Case No. 1:15-cv-123 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN, NOBLE<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Noble Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss. (Doc. 12).[1]

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

On June 10, 2010, the Hamilton County, Ohio grand jury returned a one-count indictment charging petitioner with one count of felonious assault. (Doc. 11, Ex. 1). Petitioner pled not guilty. (*See* Doc. 11, Ex. 37). Thereafter, petitioner filed a motion to dismiss for failure to produce and preserve evidence (Doc. 11, Ex. 2), a motion to dismiss on speedy trial grounds (Doc. 11, Ex. 5), an application for a writ of habeas corpus (Doc. 11, Ex. 8), and a complaint against the prosecutor (Doc. 11, Ex. 13). Petitioner was denied relief on these filings. (Doc. 11, Ex. 4, 6, 7, 9, 14). After being found competent to stand trial, petitioner attempted to proceed pro se in his trial, but ultimately was appointed counsel. (Doc. 11, Ex. 10, 11, 12).

---

[1] Because the undersigned finds the petition is subject to dismissal as being time barred, by separate Order issued this date the Court has denied as moot the remaining motions pending in this action. (Doc. 15, 17, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31).

Following a jury trial, petitioner was found guilty of felonious assault. (Doc. 11, Ex. 15). Petitioner received a prison sentence of five years in the Ohio Department of Corrections on May 8, 2012. (Doc. 11, Ex. 16).

### Direct Appeal

On May 10, 2012, petitioner, through counsel, filed a direct appeal to the Ohio Court of Appeals. (Doc. 11, Ex. 17). Petitioner raised the following five assignments of error:

1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of felonious assault, as that finding was not supported by sufficient evidence.

2. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of felonious assault, as that finding was contrary to law.

3. The trial court erred to the prejudice of Defendant-Appellant by not granting his motion to dismiss.

4. Defendant-Appellant was denied his rights of due process and of assistance of counsel as guaranteed by the Sixth and the Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution because his trial counsel provided ineffective assistance.

5. The trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that is an abuse of discretion.

(Doc. 11, Ex. 18). On April 24, 2013, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed his conviction and sentence. (Doc. 11, Ex. 20).

Petitioner filed a motion for reconsideration on May 7, 2013, which was denied on May 30, 2013. (Doc. 11, Ex. 21, 23).

Petitioner did not seek further review on appeal to the Ohio Supreme Court.

### Application to Reopen Appeal

On July 18, 2013, petitioner filed a pro se application for reopening his appeal pursuant to Ohio App. R. 26(B). (Doc. 11, Ex. 24). Petitioner argued that appellate counsel provided

2

ineffective assistance of counsel for failure to raise the following four assignments of error on appeal:

1. Trial court committed "plain error" when it failed to properly instruct jury on the Castle Doctrine for a "no duty to retreat" and "ejection of a trespasser" in violation to Appellant's rights to due-process of the Fourteenth Amendment.

2. The State deprived Mr. Wright his federal and state constitutional right to a fair trial d[ue] to prosecutor misconduct in violation to Appellant's right to due-process of the Fourteenth Amendment.

3. Trial counsel failure to explain on the "motion to dismiss for failure to produce and preserve evidence" how the audio recordings of Mr. Wright's 911 phone call was materially exculpatory evidence and/or destroyed in bad faith by the police or prosecution to violate Appellant's rights to due-process and of assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution because his trial counsel provided ineffective assistance.

4. Trial counsel was ineffective for failure to make a timely objection to the federal violation of Appellant's Sixth Amendment right to a fast and speedy trial and failure to make a timely renewed objection to the state statutory violation of Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution for a fast and speedy trial denied Appellant's rights to due-process and of assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution because his trial counsel provided ineffective assistance.

(Doc. 11, Ex. 24). On September 26, 2013, the Ohio Court of Appeals denied his application. (Doc. 11, Ex. 27).

Petitioner filed a motion for reconsideration on October 14, 2013, which was denied by the appeals court on November 6, 2013. (Doc. 11, Ex. 29, 30).

Petitioner did not appeal the denial of his 26(B) petition to the Ohio Supreme Court.

**Post-Conviction Motions**

On January 8, 2013, during the pendency of his direct appeal, petitioner filed a motion for the appointment of counsel to represent him in a petition for post-conviction relief and, on

3

January 11, 2013, a motion for "expert assistance." (Doc. 11, Ex. 31). The trial court denied both motions on January 16, 2013. (Doc. 11, Ex. 33, 34).

On January 14, 2013, petitioner filed a pro se petition to vacate or set aside his judgment of conviction or sentence under Ohio Rev. Code § 2953.21. (Doc. 11, Ex. 32). To date, the trial court has not ruled on the petition. (*See* Doc. 11, Ex. 37).

On August 15, 2014, petitioner filed a motion to dismiss for failure to enter a final appealable order in the trial court. (Doc. 11, Ex. 35). In the motion, petitioner argues that the trial court failed to journalize a ruling on a motion for a new trial that was raised at his May 8, 2012 sentencing hearing. Although petitioner claimed that he had filed the motion with the trial court, the trial court indicated it had not received it and denied the motion orally. (*See* Doc. 11, Sentencing Trans. at PageID 1139–55). Petitioner's August 15, 2014 motion to dismiss remains pending in the trial court.

## Mandamus and Writ of Procedendo Petitions

Petitioner filed at least two mandamus petitions[2] in the Ohio Courts, as well as a petition for a writ of procedendo against the trial court judge. In the petition for a writ of procedendo—filed on November 5, 2013—petitioner asked the Ohio Court of Appeals to direct Judge Niehaus to journalize a ruling on the motion for a new trial that he claimed was pending in the trial court at the time of his sentencing.[3] On November 26, 2013, the Ohio Court of Appeals dismissed the petition.

Petitioner appealed the decision to the Ohio Supreme Court. On October 16, 2014, the Ohio Supreme Court affirmed appellate court's decision. The Ohio Supreme Court found no

---

[2] Petitioner filed mandamus petitions in the Ohio Supreme Court case numbers 12-0530 and 12-0605. Found at http://www.supremecourt.ohio.gov/Clerk/ecms/#/search under case numbers 12-0530 and 12-0605.
[3] Found at www.courtclerk.org under case number C-1300743.

evidence that any motion was successfully filed by petitioner and that petitioner was therefore not entitled to a writ of procedendo compelling the judge to rule on it. (Doc. 11, Ex. 36).

## Federal Habeas Corpus

Petitioner filed the instant petition on February 13, 2015.[4] On July 13, 2015, petitioner submitted an amended petition raising the following six grounds for relief:

> **GROUND ONE**: The State court committed "structural error" to the prejudiced of the Petitioner, by reassigning his case to a improperly assigned visiting judge who has no duty to make rulings or judgment on a case and had a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case by committing multiple "structural error(s)" at trial in violation to the Sixth and Fourteenth Amendments of the United States Constitution.
>
> Supporting facts: Presiding Judge Nadine Allen improperly reassigned Petitioner's case she was responsible for hearing to a improperly assigned visiting judge, Judge Richard Niehaus. Judge Niehaus, clearly had some kind of direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case, because he can not show how he was being compensated do to his improper assignment and we can assume he's not working for free as a retired judge. Also, it raises the question of why would he put his lively-hood on the line and risk being impeached from office and disbarred for fairly to comply with the Ohio Rules of Judicial Conduct for proper assignment to a case.
>
> **GROUND TWO**: Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney's provided ineffective assistance.
>
> Supporting facts: There is no way for a trial or appellate counsel to challenge a "structural error" of bias and prejudiced judge by a motion for a new trial or by the state's "standard," "established," "normal" appellate review process.
>
> **GROUND THREE**: The State court deprived the Petitioner of his right to due-process and equal protection under the law by intentionally failing to enter a final appealable order pursuant to Crim. R. 32(C) and Ohio App.R. 4(B)(3)(b), in violation to the Fourteenth Amendment of the United States Constitution.

---

[4] The petition was filed with the Court on February 19, 2015. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on February 13, 2015. (*See* Doc. 7, PageID 207). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on February 13, 2015.

5

Supporting facts:  The improperly assigned visiting judge clearly stated in the records that Petitioner could appeal his decision to deny the motion for new trial and until this is journalized there can be no final appealable order, because a notice of appeal file prior to that entry is premature under Ohio law.  (T.p. 283 at 4-12).

**GROUND FOUR:**  Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney's provided ineffective assistance.

Supporting facts:  Petitioner's state-appointed attorney's failed to see to it the State court's denial of the motion for new trial was journalized and therefore lacks a final appealable order.  (T.p. 283 at 4-12, Page ID 1155).  Petitioner requested to appeal his case and included appealing this decision from a improperly assigned visiting judge.

**GROUND FIVE:**  Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney's provided ineffective assistance.

Supporting facts:  Petitioner's trial counsel and the State court failed their duties to address jail-time credit on the face of the sentencing entry and is plain-error under Ohio law.  See (Doc. 11, Exhibit 16, Page ID 429-430).  Under Ohio law the sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination for jail-time credit pursuant to R.C. § 2929.19(B)(2)(g)(iii) Sentencing hearing.  Because, Petitioner's trial counselor and the State court failed their duties to address jail-time credit at sentencing, Petitioner is now required to file his own pro se motion into the State court for a matter he was entitled to his Sixth Amendment right to counsel.  And if the Petitioner was to file his own pro se motion, both the presiding judge or the visiting judge is bias and prejudiced to proceed over the proceedings and there is no way to address the previous structural error that now continues on to addressing jail-time credit.  And there is no final appealable order so there is no reason for them to address jail-time credit.

**GROUND SIX:**  The State court deprived the Petitioner his right to due-process and equal protection under the law by failing to duly try, convict, sentence and imprison him for crimes in accordance with the law in violation to the Thirteenth and Fourteenth Amendments to the United States Constitution.

Supporting facts:  Petitioner does not have a final appealable order, because the improperly assigned visiting judge used a sham legal process and place the Petitioner in a state of involuntary servitude an constitutes false imprisonment under Ohio law.

6

(Doc. 14).

Respondent has filed a motion to dismiss. (Doc. 12). Respondent contends that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.*

## II.  THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner does claim that the trial court's failure to journalize an entry regarding his motion for a new trial constituted a state impediment under § 2244(d)(1)(B), however any such failure on the part of the trial court did not prevent him from filing a timely habeas corpus petition. Petitioner has not alleged that

7

his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at trial or on appeal. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on Monday, June 10, 2013 upon expiration of the 45-day period for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 24, 2013 denial of his direct appeal.[5] *See* Ohio S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1)(a)(i); *Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653–54 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on June 11, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on June 11, 2014, absent the application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not,

---

[5] Because the 45-day filing period ended on a Saturday, petitioner had until the next business day to submit a timely appeal. *See* Ohio S. Ct. Prac. R. 3.03(A)(1).

8

however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran 37 days, from June 11, 2013 to July 18, 2013, when petitioner filed his application to reopen his appeal pursuant to Ohio App. R. 26(B). (*See* Doc. 11, Ex. 24). The Ohio Court of Appeals denied the motion on September 26, 2013. (Doc. 11, Ex. 27). The limitations period began to run on November 13, 2013, the next business day following the expiration of the 45-day period during which petitioner could have appealed the decision to the Ohio Supreme Court. The limitations period ran the remaining 328 days and expired on October 7, 2014.

Petitioner is not entitled to statutory tolling based upon his January 14, 2013 petition to vacate, which was never ruled upon by the trial court. As respondent has pointed out in the return of writ, the petition was not properly filed under Ohio law.[6] Furthermore, it is well-

---

[6] Ohio Rev. Code § 2953.21(A)(2), at the time petitioner filed his post-conviction petition in 2013, required that he file the petition within 180 days after the filing of the transcript in the Ohio Court of Appeals. In petitioner's case, the trial transcript was filed on July 12, 2012, and petitioner did not file his petition until 186 days later, on January 14, 2013. (*See* Doc. 11, Ex. 38 at PageID 867; Ex. 32).

9

established in Ohio that "[w]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." *State v. Olah,* 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and cases cited therein); *Georgeoff v. O'Brien*, 663 N.E.2d 1348, 1352 (Ohio Ct. App. 1995) (and Ohio Cases cited therein). *See also*, *Curry v. Warden*, Case No. 1:10-cv-247, 2011 WL 335665, at* 5-6 (S.D. Ohio Jan. 4, 2011) (Litkovitz, M.J.) (Report and Recommendation), *adopted* 2011 WL 332562 (S.D. Ohio Jan. 31, 2011) (Barrett, J.) (finding that a state post-conviction petition, never ruled upon by the court, was deemed not "properly filed" for AEDPA purposes since it was not filed within 180 days after the filing of the trial transcript in the direct appeal).

Similarly, petitioner's August 15, 2014 motion to dismiss—which remains pending in the trial court—does not toll the limitations period indefinitely. As noted above, in the motion to dismiss petitioner argued that the trial court failed to issue a final appealable order on a motion for a new trial, which he claims he filed prior to sentencing. Petitioner also sought a writ of procedendo requiring the trial court to rule on the pending motion. At the latest, the limitations period was tolled until October 16, 2014, when the Ohio Supreme Court concluded that no motion for a new trial had successfully been filed by petitioner. (*See* Doc. 11, Ex. 36). However, even assuming in petitioner's favor that the limitations period was tolled from August 15, 2014 to October 16, 2014, the petition is still not timely filed. Petitioner had used 37 days of the limitations period when the clock began to run on November 13, 2013. 275 days passed until petitioner filed his August 15, 2014 motion, leaving him with 53 days when the Ohio Supreme Court found no evidence that a motion for a new trial was successfully filed in the trial court. The clock began to run again the following day and expired on December 9, 2014. Petitioner's

10

February 13, 2015 petition is therefore untimely unless equitable tolling principles apply in this case.[7]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has

---

[7] Petitioner is also not entitled to statutory tolling based on his mandamus or writ of procedendo petitions. *See Tolbert v. Warden*, Case No. 1:15-cv-293, 2015 WL 9460472 at *4–5 (S.D. Ohio Dec. 28, 2015) (Wehrman, M.J.) (Report and Recommendation), *adopted* 2016 WL 205472 (S.D. Ohio Jan. 15, 2016) (finding that a "mandamus petition did not toll the limitations period while it was pending before the state court because it did not qualify under § 2244(d)(2) as an application seeking collateral review of the judgment of conviction and sentence that resulted in petitioner's imprisonment"); *George v. Gansheimer*, Case No. 1:08-cv-2228, 2010 WL 1752000 at *7–8 (N.D. Ohio Mar. 24, 2010) (Report and Recommendation), *adopted* 2010 WL 1751998 (N.D. Ohio Apr. 27, 2010) ("The petition for a writ of *procedendo* is not an attack on the petitioner's judgment such as an application for state post-conviction or collateral review of the judgment according to 28 U.S.C. § 2244(d)(2)' s tolling provision.").

indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 613 days to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 12) should be **GRANTED** and the instant habeas corpus petition (Doc. 7), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DISMISSED** with

prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER WRIGHT,
    Petitioner,

vs.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-123

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).